IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(OWENSBORO DIVISION)


APRIL HOLMIN                                              PLAINTIFF
1801 FREDERICA STREET
OWENSBORO , KY 42301


                                      Case No. 4:21-CV-81-JHM

v.                                    Judge  Senior Judge Joseph H. McKinley, Jr.


                                                         DEFENDANTS


LAUNCH SERVICING, LLC
PO BOX 91910
SIOUX FALLS, SD 57109-1910



AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:      CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                   306 W. Main Street, Suite 512
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, April Holman, by counsel, and for her   Verified Complaint against the Defendants, Launch  Servicing, LLC, and , Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; LAUNCH SERVICING, LLC's  false reporting to Equifax and Experian and Trans Union of default history on a Launch Servicing, LLC account; and other credit accounts of Plaintiff's;  and Defendants' failure to correct Launch Servicing, LLC's   false reporting, and other creditors false reporting  on Plaintiff's credit reports.

### II. PARTIES

2.      Plaintiff, April Holmin, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1801 Frederica Street, Owensboro, KY 42301.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

2

4.     Defendant, Launch Servicing LLC, is a South Dakota Corporation is a lender doing business in the Commonwealth of Kentucky with its principal place of business at PO Box 91910, Sioux Falls, SD 57109-1910.

5. Launch Servicing, LLC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C.

3

§1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Daviess County, Kentucky as a result of the Defendants' doing business in Daviess County, Kentucky.

## IV.  **FACTUAL BACKGROUND**

13. In or around February, 2021, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax and Experian credit reports and discovered Launch Servicing, LLC was reporting default account history for Plaintiff's Launch Servicing, LLC  loan accounts and default history for  other various credit accounts.

14. Immediately upon discovering Launch Servicing, LLC's    false and derogatory tradelines which showed Plaintiff's student loan accounts with default histories, Plaintiff filed written disputes with Equifax and Experian,  regarding the inaccuracy of the Launch Servicing, LLC tradelines and other creditor tradelines,  given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

15. Upon information and belief, Equifax and Experian , pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Launch Servicing, LLC of the disputes at or within five (5) days of Equifax's,  Experian's  receiving notice of the disputes from Plaintiff.

16. In and around February, 2021, Plaintiff accessed her  credit reports and the disputed tradelines were still reporting as they were prior to her  dispute. Equifax and  Experian failed to send Plaintiff her dispute results and failed to investigate these tradeline verified the accuracy of the Launch Servicing, LLC's  tradelines  and other tradelines reporting on Plaintiff's credit reports. Plaintiff was in a credit rehabilitation program with Launch

Servicing, LLC and no default should have been reported.

17. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA; Launch Servicing, LLC, Equifax, Experian, failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

18. Upon information and belief, Launch Servicing, LLC, Equifax, and Experian, did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

19. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the Launch Servicing, LLC account default histories and other credit histories. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Launch Servicing, LLC

20 . Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

21. Nelnet's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of the default history of Plaintiff's Launch Servicing, LLC accounts are violations of Launch Servicing, LLC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

22. Launch Servicing, LLC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Launch Servicing, LLC is

liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

23.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

24.     Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681(o), for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

27.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

28.     Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items

are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – LAUNCH SERVICING, LLC**

31.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

32.     LAUNCH SERVICING, LLC's  failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian, Trans Union of the default history of Plaintiff's LAUNCH SERVICING, LLC's  accounts, despite LAUNCH SERVICING, LLC's knowledge of the falsity of its reporting, are willful violations of LAUNCH SERVICING, LLC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

33.     Given LAUNCH SERVICING, LLC's  knowledge of the falsity of its reporting,

LAUNCH SERVICING, LLC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which LAUNCH SERVICING, LLC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

34.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

35.     Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36.     Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

37.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

38.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

39.     Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40.     Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

41.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, April Holmin, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,


/s/CHRISTOPHER T. KURTZ
Christopher T. Kurtz Attorney
608 Baxter Avenue
Louisville, KY  40204
Phone, (502) 749-3600
Facsimile, (502) 749-3766
chris@ckurtzlaw.com
*Counsel for Plaintiff*

## VERIFICATION

I, April Holmin, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_April Holmin_
April Holmin

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by April Holmin on this 16 day of _June_, 2021.

_____
Notary Public

Commission expires: 7/25/2024

11